**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee*,

v.

CORY MISRAJE, AKA Cory Spencer
Misraje,
             *Defendant-Appellant.*

No. 15-50543

D.C. No.
2:09-cr-00992-
PSG-1

OPINION

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted February 13, 2018
Pasadena, California

Filed April 30, 2018

Before: Marsha S. Berzon and Jay S. Bybee, Circuit
Judges, and John A. Woodcock, Jr.* District Judge.

Opinion by Judge Woodcock

---

*The Honorable John A. Woodcock, Jr., United States District
Judge for the District of Maine, sitting by designation.

## SUMMARY**

### Criminal Law

The panel affirmed the district court's judgment revoking the defendant's supervised release after he committed two violations of a condition that he possess and use only those computers and computer-related devices that he had disclosed to his supervising officer.

The panel held that the probation office did not unreasonably delay the initiation of the revocation petition, where the defendant caused the delay by obstructing the probation office's investigation of the conduct leading to the filing of the petition. Rejecting the defendant's contention regarding the use of his confession, which he claimed was the fruit of questioning with deceptive and coercive features, the panel wrote that the Fifth Amendment does not apply to law enforcement questions to a supervisee about his compliance with the terms and conditions of supervision. The panel held that the defendant violated the computer "use" condition when he possessed and availed himself of the functions of his friend's smart phone, a device he had not disclosed to the supervising officer.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Jonathan P. Schneller (argued), Deputy Federal Public Defender; Hilary L. Potashner, Federal Public Defender; Office of the Federal Public Defender, Los Angeles, California; for Defendant-Appellant.

Nancy B. Spiegel (argued), Assistant United States Attorney, Criminal Appeals Section; Lawrence S. Middleton, Chief, Criminal Division; United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

## OPINION

WOODCOCK, District Judge:

Cory Misraje appeals a judgment revoking his supervised release. The revocation arose out of two violations of a condition of that supervised release — that he possess and use only those computers and computer-related devices he had disclosed to his supervising officer. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. BACKGROUND

Misraje was convicted of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and sentenced to a term of incarceration followed by a term of supervised release. Among the conditions of supervised release was a prohibition against the possession and use of computers or computer-related devices not disclosed to his supervising officer, the "undisclosed device" condition.

While on supervised release, Misraje was in the lobby of a psychologist's office, awaiting an appointment. In the lobby was a mother, also waiting to be seen, and her two sons, ages eight and twelve. The mother went into the doctor's office, leaving Misraje alone with the two boys. Misraje spoke to at least one of the children and showed him images of child pornography on an electronic device he had disclosed to his probation officer. This episode led to a failed attempt by the United States Probation Office (USPO) to revoke his supervised release solely on the basis that Misraje violated the term of his supervised release that prohibited communication with a minor.

Seven months later, while Misraje was attempting to fulfill his obligation to reregister as a sex offender, a local law enforcement officer, who had previously spoken to Misraje's supervising officer about the psychologist's office incident, questioned him closely and aggressively about the incident. The officer challenged his initial denials and urged to him to confess, indicating that Misraje could not be subject to revocation of supervised release given the district court's prior rejection of the USPO's revocation petition. Misraje then confessed that he had used an undisclosed device to access child pornography, which he photographed with his disclosed device and then showed to the child. Misraje explained that he had gone to the electronics section of a Wal-Mart store, connected a Wal-Mart computer (obviously undisclosed) to a wireless Internet signal from a nearby McDonald's restaurant, accessed images of child pornography on the Wal-Mart computer, and photographed the images with his disclosed device. He acknowledged that he had shown the boy in the psychologist's office images of child pornography he had photographed at Wal-Mart. One month after the confession, his supervising officer witnessed and photographed Misraje holding and looking at the screen

of a friend's smartphone, which was displaying an Internet website.

The following month, USPO filed a second petition for revocation of supervised release, which included two counts alleging two violations of the undisclosed-device condition — one related to his use of the Wal-Mart computer, and the other to his holding and looking at the screen of his friend's cellphone. The district court held an evidentiary hearing and found that Misraje committed both violations. The district court revoked Misraje's supervised release and sentenced him to twelve months and one day incarceration.

Misraje asserts that USPO violated his due process rights with respect to the psychologist's office incident through a combination of: (1) unreasonably delaying investigation and charging the undisclosed-device violation, and (2) using his confession, which he claims was the fruit of questioning with deceptive and coercive features. In addition, Misraje alleges that merely holding his friend's cellphone and looking at the screen does not constitute "use" of the phone, and, thus, could not violate the undisclosed-device condition.

## II. DISCUSSION

In advancing his unreasonable delay argument, Misraje relies on *United States v. Hamilton*, 708 F.2d 1412 (9th Cir. 1983), and *United States v. Tyler*, 605 F.2d 851 (5th Cir. 1979) (per curiam), cases in which this court and another circuit court of appeals reversed district court revocations of probation[1] because there had been an unreasonable delay in

---

[1] That *Hamilton* and *Tyler* involved revocation of probation whereas this case involves revocation of supervised release is of no moment. "Parole, probation, and supervised release revocation hearings are

bringing revocation proceedings after the factual basis for the pertinent violations was known. Neither case applies here, because there is no evidence in the record that USPO knew how Misraje got the child pornography onto his disclosed device when it first attempted to revoke his supervised release. In fact, directly after learning of the incident at the psychologist's office, the supervising officer investigated how Misraje got the pornography onto his disclosed device and was unable to confirm it, in large part because Misraje lied about it and eliminated the evidence. It was only after Misraje confessed that he had used an undisclosed device to obtain the child pornography that the USPO petitioned for revocation a second time.

Misraje contends that the USPO should have known — based solely upon the circumstances of the psychologist's office incident — that he had used an undisclosed device. Not only does the argument lack factual support, there is also no legal authority for a "should have known" standard. It is a supervisee's obligation to strictly comply with the terms of supervised release. *See* 18 U.S.C. § 3583(e)(3). The USPO's inability to uncover a violation due to a supervisee's obstruction does not excuse the violation. Furthermore, as the district court observed, the presence of child pornography on Misraje's disclosed device does not necessarily lead to the conclusion that he used an undisclosed device to place it there.

Misraje wraps a coercion argument inside his complaints about undue delay, packaging a more generalized argument that his due process rights were violated. But, as Misraje acknowledges, the Fifth Amendment privilege does not

---

constitutionally indistinguishable and are analyzed in the same manner." *United States v. Hall*, 419 F.3d 980, 985 n.4 (9th Cir. 2005).

apply to law enforcement questions to a supervisee about compliance with conditions of supervision. *United States v. Nieblas*, 115 F.3d 703, 705–06 (9th Cir. 1997); *Minnesota v. Murphy*, 465 U.S. 420, 435 n.7 (1984) ("Just as there is no right to a jury trial before probation may be revoked, neither is the privilege against compelled self-incrimination available to a probationer"). As we have concluded that the unreasonable delay argument fails, his coercion argument, standing alone, falls of its own weight.

The district court did not err in determining that Misraje "used" the smartphone at the coffee shop. The condition required that Misraje "possess and use only those computers and computer-related devices . . . which have been disclosed to the Probation Officer upon commencement of supervision . . . ." It defined "computers and computer-related devices" as "personal computers . . . [and] cellular telephones . . . that can access . . . the internet . . . ."[2] Although Misraje claims that his use was only fleeting, he held and looked at the device long enough for the probation officer to take several

---

[2] The full text of the condition reads:

> The defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs), which have been disclosed to the Probation Officer upon commencement of supervision. Any changes or additions are to be disclosed to the Probation Officer prior to the first use. Computers and computer-related devices are personal computers, personal data assistants (PDAs), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers;

photographs of Misraje doing so, from different distances and perspectives. Misraje's friend, the owner of the smartphone, said she handed the phone to Misraje so that he could see information on an Internet website regarding public storage facilities, and the ensuing investigation confirmed that the screen did indeed show an Internet website with such information. These facts demonstrate that he was absorbing information from a website displayed on the smartphone. So doing is consistent with a common sense definition of "use." The Merriam-Webster Dictionary defines the verb "use" as "to avail oneself of." *Use*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/use (last visited Apr. 5, 2018).

The context of the prohibition against "use" of "undisclosed devices" is instructive. The district court subjected Misraje to a blanket prohibition against possession and use of undisclosed devices — a common prophylactic against the misuse of the Internet by a convicted sex offender. The condition is designed to control a supervisee's access to the Internet and his ability to communicate privately using computers. Its text speaks of "computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers" and devices that "can access, or can be modified to access, the internet, electronic bulletin boards, and other computers." This condition is the foundation of a more comprehensive set of computer-related restrictions in the judgment, including a computer search and seizure condition, a computer monitoring condition, and a restriction against communication with those under the age of eighteen. To facilitate enforcement of these other supervised release conditions, the supervisee is prohibited from possession and use of all but disclosed devices.

In addition, the undisclosed device condition contains a thematic focus on connectivity to prevent use of undisclosed devices that can lead, as in this case, to possession of child pornography, and to a broader array of potential misuses. Thus Misraje's use of the Internet browsing capability of his friend's smartphone, not just any function, went to the core of the condition.

It is not uncommon for the conditions of supervised release to impose bright line prohibitions. For example, in Misraje's case, he was prohibited from obtaining employment not approved by the supervising officer, and from associating and communicating with persons under eighteen except in the presence of the minor's parent or legal guardian and on the condition that he give notice of his conviction to the parent or legal guardian. There is benefit to enforcement and compliance from certainty — here, Misraje was prohibited from using any computer-related device, including a smartphone, he had not previously disclosed to the supervising officer. On the basis of evidence that Misraje actually possessed and used his friend's smartphone — a device that he had not disclosed to the supervising officer — the district court properly concluded Misraje violated the condition against possession and use of an undisclosed device.

## III.  CONCLUSION

The probation office did not unreasonably delay the initiation of a petition for revocation of supervised release in this matter as Misraje caused the delay by obstructing the probation office's investigation of the conduct leading to the filing of the petition for revocation. Nor does the Fifth Amendment does apply to law enforcement questions to Misraje about his compliance with the terms and conditions of supervision. Finally, Misraje violated the computer "use"

condition of supervised release when he availed himself of the functions of an undisclosed device.  The judgment of the district court is **AFFIRMED**.